IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ABELICIO HERRERA and HILDA HERRERA,

        Plaintiffs,

v.                                                  No. CIV 06-665 BB/RLP

REGIONS BANK d/b/a Regions Mortgage,
REGIONS MORTGAGE, UNION PLANTERS
BANK, N.A., JOHN and JANE DOES 1-20,

        Defendants.

MEMORANDUM OPINION
AND
ORDER OF DISMISSAL

THIS MATTER is before the Court on the motion of Defendants, pursuant to Rule 12(b), to dismiss this complaint [Doc. 9]. Having considered the submissions of the parties, the Court holds Plaintiffs' complaint is barred by res judicata and claims preclusion based on the prior state court judgment between the same parties.

*Discussion*

*Procedural Background*

Defendant Regions Bank d/b/a Regions Mortgage ("Regions") filed a foreclosure suit against the present Plaintiffs on October 19, 2005, in New Mexico State District Court, Bernalillo County. *Regions Bank v. Abelicio Herrera, et al.*, Bernalillo County D0202CV20057996. Plaintiffs then filed this complaint in federal court challenging Regions' foreclosure under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the

Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* The Bernalillo County District Court held a hearing on Regions' motion for summary judgment on August 4, 2006, at 9:30 AM in the Second Judicial District Court, County of Bernalillo, State of New Mexico. Plaintiffs were present and participated in the summary judgment hearing. The state district court entered judgment against the Plaintiffs and foreclosed the property on August 4, 2006.

### *Legal Standard*

In addressing the motion to dismiss, this Court is required to accept as true all well-pleaded facts alleged in Plaintiffs' complaint. *See Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1266 (10th Cir. 1989). The Court does not, however, accept conclusory allegations as true. *Phelps*, 886 F.2d at 1269-70; *Cayman Exploration Corp. v. United Gas Pipe Line Corp.*, 873 F.2d 1357, 1359 (10th Cir. 1989). This Court will dismiss the complaint, or claims contained in the complaint, only if it appears that Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Phelps*, 886 F.2d at 1266. The Court will consider Defendants' arguments in light of the above standards.

### *Res Judicata Issue Preclusion*

The United States Constitution provides that federal courts must accord full faith and credit to the public, acts, records, and judicial proceedings of every state in the union. U.S. Const. Art. IV, § 1.A; *Swanson v. Faulkner*, 55 F.3d 956, 965 (4th Cir. 1995). Moreover, Congress enacted a statute to implement this constitutional provision which states that the records and judicial proceedings of any state court shall have the same full faith and credit in every court within the United States as they have by law or usage in the courts of such state

where the proceedings occurred. 28 U.S.C. § 1738. The plain language of the statute requires a federal court to give a state-court judgment the same preclusive effect that the judgment would receive under the law of the state in which it was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). This Court, then, must honor the judgment of the Bernalillo County District Court and accord it the same effect and significance it would receive in New Mexico courts.

Like federal courts, New Mexico courts strongly favor resolution in one lawsuit of all claims arising between identical parties concerning the same transaction. *Ford v. Dept. of Public Safety*, 891 P.2d 546, 550 (N.M. App. 1994). In short, a litigant is ordinarily entitled to only one fair bite at the apple. *Ford*, 891 P.2d at 548; *Moffat v. Branch*, 118 P.3d 732, 736 (N.M. App. 2005). Plaintiffs' fair bite at the apple was in the previous state court proceeding.

Plaintiffs not only had the opportunity, but under New Mexico law were required, to raise any challenges they had to the mortgage or its foreclosure in the state court proceeding. Rule 1-013 of the New Mexico Rules of Civil Procedure provides:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

*Slide-a-Ride of Las Cruces, Inc. v. Citizens Bank*, 733 P.2d 1316, 1318 (N.M. 1987). The purpose of this rule is to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. *Heffern v. First Interstate Bank*, 660 P.2d 621, 622 (N.M. App. 1983); *Citizens Bank*, 733 P.2d at 1318. Rule 1-013 is particularly directed against a party who fails to assert a counterclaim in one action then institutes a

3

second action where the counterclaim is a factual basis of the complaint. *Citizens Bank*, 733 P.2d at 1318.

Although couched in terms of TILA and RESPA, Plaintiffs present claims concern operative facts which occurred in the same time span, and arise from, Regions' loan and foreclosure action. Plaintiffs also claim damages as a direct and proximate result of the loan transaction which was the subject of Regions' prior state foreclosure action.[1] Based upon *Heffern*, Plaintiffs' federal lawsuit should be barred because a factual nexus exists between Regions' foreclosure suit and the allegations of creditor misconduct now before this Court. *R.G. Financial Corp. v. Vergara-Nunez*, 446 F.3d 178, 188 (1st Cir. 2006) (holding that earlier foreclosure judgment precludes later assertion of TILA claim); *Albano v. Norwest Financial Hawaii, Inc.*, 244 F.3d 1061 (9th Cir. 2001) (same).

---

[1] Plaintiffs admit as much in their Memorandum Reply in Opposition to Defendants' Motion in characterizing their present claims:

>    ...
>
> 2. Plaintiffs sued all Defendants, the originator of this transaction, its subsequent assignee and Servicer for application of Plaintiffs right to rescind the transaction and as a defense by way of recoupment and set-off ....
>
> 3. Plaintiffs have filed multiple documents challenging the standing of Regions Bank to bring its foreclosure. ...
>
> 7. The security instrument is void and before a legally valid foreclosure can take place, there must be a valid mortgage between the parties, a default by the borrower, proper foreclosure procedure, and no cure.

Pls. Mem. Rep. pp. 1-2.

**O R D E R**

For the above stated reasons, Defendants' motion is GRANTED, and Plaintiffs' complaint is DISMISSED with prejudice. Plaintiffs are also warned that any attorney participation in ghostwriting pleadings must be disclosed.

SO ORDERED this 18th day of October, 2006.

                                                    **BRUCE D. BLACK**
                                                    United States District Judge

**For Plaintiffs *Pro Se*:**
    Abelicio & Hilda Herrera, Albuquerque, NM

**For Defendants:**
    Victor P. Montoya, SUTIN THAYER & BROWNE, Albuquerque, NM